# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**TRAVIS SMITH,**

    **Petitioner,**

**vs.**                                                        **Case No. 4:05cv200-RH/WCS**

**JAMES V. CROSBY,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

This cause is before the court on Petitioner's pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner paid the filing fee. As it plainly appears that he is not entitled to relief in this court, the petition should be summarily dismissed. § 2254 Rule 4.

Petitioner raises four grounds for relief from his sentence for sexual battery, imposed by the Circuit Court in Leon County. All grounds pertain to the assessment of victim injury points or enhancements under the Florida Sentencing Guidelines. Doc. 1, pp. 4-6. Petitioner asserts that the findings under the guidelines should have been made by the jury, and that the guidelines factors are unconstitutional.

Petitioner references Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Apprendi v. New Jersey, 530 U.S. 466, 476, 490, 120 S.Ct. 2348, 2355, 2362-63, 147 L.Ed.2d 435 (2000) and Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), in support of his § 2254 petition.  Doc. 1, pp. 7-11 (other citations omitted). *See also*, United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  Petitioner asserts that he raised all of his § 2254 grounds in the appeal from denial of his Fla.R.Crim.P. 3.800(a) motion.

Denial of Petitioner's Rule 3.800(a) motion was affirmed in a published opinion. Smith v. State, 899 So.2d 475 (Fla. 1st DCA 2005).[1]  According to the opinion, Petitioner claimed in his motion that his sentence violated Blakely.  899 So.2d at 475. The court rejected this claim, in "agreement with the Second, Third, and Fourth District Courts of Appeal that *Blakely* has no application to cases that were already final when *Blakely* was handed down."  *Id.* (collecting cases).

That opinion is dated April 12, 2005.  On April 28, 2005, the Florida Supreme Court issued an opinion holding that Apprendi does not apply retroactively on collateral review.  Hughes v. State, 826 So.2d 1070 (Fla. 2005).  Florida courts apply a different standard than the federal courts in determining retroactivity of a new rule.  *Id.*, at 846-848 (*comparing* the standards of Witt v. State, 387 So.2d 922 (Fla. 1980) and Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), other citations omitted).

---

[1] The appellant in that case is Travis E. Smith.  Petitioner's name is Travis E. Smith, according to a search of Petitioner's inmate number in the website maintained by the Florida Department of Corrections.

Under either standard, however, Apprendi does not apply retroactively.  Id. at 846-847 and n. 8; McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001).

Moreover, precedent binding on this court holds that Blakely and Booker do not apply retroactively on collateral review.[2]  Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005) (finding "essentially dispositive" the opinion in Schriro v. Summerlin, 542 U.S. __, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), that Ring announced a new rule of procedure which did not apply retroactively[3]) (also citing McCoy, other citations omitted).

Petitioner is therefore not entitled to relief on his Blakely claim, and he has stated no other basis for relief.  Cf. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1989) (a challenge to the state court's application of the sentencing guidelines is not cognizable under § 2254; "[i]n the area of state sentencing guidelines in particular, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures.") (citations omitted).

---

[2] It is noted that Petitioner's conviction was affirmed without opinion some four month *after* the Apprendi opinion (Smith v. State, 770 So.2d 1233 (Fla. 1st DCA October 24, 2000) (Table)), so it was not final for retroactivity purposes before Apprendi. Even so, an Apprendi challenge to application of sentencing guidelines, prior to Booker or Blakely (both issued after Petitioner's conviction became final) would not have succeeded as long as his sentence was within the maximum set by statute. *See e.g.*, Altman v. State, 852 So.2d 870, 875-876 (Fla. 4th DCA 2003); United States v. Sanchez, 269 F.3d 1250, 1262 (11th Cir. 2001) (en banc).

[3] In Ring, the Court concluded under Apprendi that "[c]apital defendants . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment."  536 U.S. at 589, 122 S.Ct. At 2432.

It is therefore respectfully **RECOMMENDED** that the § 2254 petition for writ of habeas corpus (doc. 1), challenging Petitioner's sentence for sexual battery as imposed by the Second Judicial Circuit, Leon County Florida, be **SUMMARILY DISMISSED** pursuant to § 2254 Rule 4, and that copies of the petition and any order be served on Respondent and the Florida Attorney General.

**IN CHAMBERS** at Tallahassee, Florida, on July 7, 2005

 S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

#### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:05cv200-RH/WCS